# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

FRANK DORTCH, :
:
**Plaintiff** : CIVIL ACTION NO. 3:17-0492
:
v :
: (JUDGE MANNION)
DENISE SLOAD, <u>et</u> <u>al.</u>, :
**Defendants**

## MEMORANDUM

### I. Background

On March 20, 2017, Plaintiff, Frank Dortch, in inmate formerly confined[1] in the York County Prison, York, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). On September 15, 2017, Plaintiff filed an amended complaint. (Doc. 24). The named Defendants are Denise Sload, and Sherry Kemphart, LPN Nurses employed by PrimeCare Medical, Inc., who provide nursing care to the inmates incarcerated at the York County Prison. Id. Plaintiff states that he is "prescribed Prozac" and "it does have potential harsh side effects" and the "chances increase of harsh side effects if meds are not taken properly." Id. Plaintiff claims that Defendants are

---

[1] Plaintiff was released from custody subsequent to the filing of the above captioned action, and his current address is listed as 2605 Fissels Church Road, Glenn Rock, Pennsylvania. (Doc. 46).

"causing [him] mental distress and emotional distress [by] crushing these meds are known to eat your stomach lining away." Id. For relief, Plaintiff seeks compensatory and punitive damages, as well as an "injunction never to alter peoples medication again." Id.

On December 19, 2017, Defendants filed a motion to dismiss Plaintiff's amended complaint. (Doc. 39). Subsequent to the filing of Defendants' motion to dismiss, Plaintiff notified the Court of two address changes. (Docs. 41, 42). By Order dated April 30, 2018, this Court directed Plaintiff to file a brief in opposition to Defendants' motion to dismiss, or risk dismissal of the action for failing to prosecute. (Doc. 44).

On May 14, 2018, this Court's Order was returned as undeliverable and unable to forward. (Doc. 45). That same date, Plaintiff filed a notice of address change, with his most current address. (Doc. 46). This Court's April 30, 2018 Order was then re-mailed to Plaintiff's most current address. The date for filing a brief in opposition to Defendants' motion to dismiss has long passed, and Plaintiff has not responded to this Court's April 30, 2018 Order, by filing a brief in opposition, or requesting an enlargement of time within which to do so. In fact. Plaintiff has not communicated with this Court since his May 14, 2018 notice of address change. Thus, for the reasons set forth below, the Court will dismiss Plaintiff's action for failure to prosecute.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Plaintiff is personally responsible for failing to comply with this Court's April 30, 2018 Order and file a brief in opposition to Defendants' motion to dismiss. See Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor). Plaintiff's failure to litigate the case and comply with court rules and court orders frustrates and delays resolution of this action, and

3

such failure to litigate can be seen to prejudice the defendants, who seek a timely resolution of the case by requiring them to assume the cost of continued legal preparation. See id. (identifying "[p]rejudice to the adversary" as a factor). Plaintiff's action was filed on March 20, 2017. He was released from prison in January, 2018. Although he updated his address on May 14, 2018, he has never complied with this Court's April 30, 2018 Order, and filed a brief in opposition to Defendant's pending motion to dismiss. Such inaction constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), and constitutes willful disregard of the Court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor). Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. Dortch is proceeding *pro se* and *in forma pauperis*, and there is no evidence to support a reasonable inference that he would be able to pay monetary sanctions. Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction in this case. Moreover, Dortch's failure to comply with the Court's orders leads to an inference that further orders to him would not be effective. In this case, no sanction short of dismissal would be effective. See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor). Finally, as to the meritoriousness of Dortch's claims, see id. at 870, it is not

necessary to partake in a lengthy discussion of the meritoriousness of Dortch's claim, as it is clear from the allegations in his complaint, that Plaintiff's claim that the nurses crush his daily medication, does not meet the deliberate indifferent standard, in that Plaintiff was receiving his medication, he simply disagreed with the manner in which it was presented. Because a mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment, see Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976), Plaintiff's Eighth Amendment medical claim fails to state a claim upon which relief can be granted.

As such, the Court finds that the dilatoriness of plaintiff outweighs any of the other considerations set forth in Poulis. The Court will, pursuant to Federal Rule of Civil Procedure 41(b), dismiss Plaintiff's complaint for failure to prosecute. An appropriate Order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 6, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0492-01.wpd